**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

CHIEF JUSTICE LIVIZ

v. Case No. 26-cv-38-SM-TSM

MULTI-STATE LOTTERY ASSOCIATION

## REPORT AND RECOMMENDATION

Self-represented Plaintiff, Chief Justice Liviz, filed a complaint, in forma pauperis, asserting that Defendant, Multi-State Lottery Association,[1] engaged in misrepresentations and deceptive practices under 18 U.S.C. § 1001 in that it advertised two jackpot amounts in November and December 2025, but the actual payout was less than advertised. Doc. No. 1 at ¶¶ 6–8. Specifically, Plaintiff asserts that the November 14, 2025 Mega Million jackpot was advertised as $980 million, but that the actual cash payout was $453.6 million and that the December 24, 2025 Powerball jackpot was advertised as $1.87 billion, but that the actual cash payout was $834.9 million. Doc. No. 1 at ¶¶ 7–8. Plaintiff purchased tickets for both lotteries, but apparently did not win. In his suit, Plaintiff seeks injunctive relief. Id. at ¶ 9. The complaint is before the court on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) and LR 4.3(d)(2).

## STANDARD OF REVIEW

This court conducts a preliminary review of actions that are filed in forma pauperis. LR 4.3(d)(2). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). To determine if a pleading states a claim upon which relief can be granted, the court takes as true the facts asserted in the complaint, and inferences reasonably drawn

[1] Plaintiff brings this suit against the Multi-State Lottery Association "and its members," who he identifies as the "member lotteries in multi-jurisdictional game development." Doc. No. 1.

from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Where, as here, Plaintiff represents himself, the court must construe his allegations liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## DISCUSSION

Plaintiff brings his claim under 18 U.S.C. § 1001, the federal crime of making false statements. However, that criminal statute does "not expressly or impliedly create [a] private right[] of action." Guo v. Wang, No. 23-CV-12161-DJC, 2024 WL 2274610, at *3 (D. Mass. May 20, 2024). Therefore, Plaintiff's Complaint fails to state a claim and should be dismissed.

## CONCLUSION

Accordingly, the district judge should dismiss Plaintiff's Complaint for failure to state a claim, without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Talesha L. Saint-Marc
United States Magistrate Judge

Dated: September 10, 2026

cc: Chief Justice Liviz, pro se